UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JORGE HUMBERTO FELIPE PEREZ,        :
                                    :
         Petitioner,                :   Civ. No. 18-384 (NLH)
                                    :
     v.                             :   OPINION
                                    :
IMMIGRATION & NATURALIZATION        :
SERVICES, DEPARTMENT OF             :
HOMELAND SECURITY,                  :
                                    :
         Respondents.               :
_____ :

APPEARANCE:
Jorge Humberto Felipe Perez, No. 1137777
Southern State Correctional Facility
4295 Route 47, Unit 1-L, Compound A
Delmont, NJ 08314
    Petitioner Pro se

HILLMAN, District Judge

Petitioner Jorge Humberto Felipe Perez, a prisoner presently incarcerated at Southern State Correctional Facility in Delmont, New Jersey, brings this action pursuant to 28 U.S.C. § 2241 to challenge his immigration hold/detainer. ECF No. 1. For the reasons that follow, the Petition will be dismissed without prejudice.

BACKGROUND

Petitioner filed the Petition on January 9, 2018, and paid the requisite $5.00 filing fee on January 12, 2018. ECF No. 1.

In the Petition, Petitioner explains that he is presently serving a state sentence imposed by the Superior Court of New Jersey on October 13, 2017.[1]  ECF No. 1, Pet. at 1.  He also states that an immigration hold has been lodged against him.  See id.  The Petitioner seeks to challenge his immigration hold/detainer and invoke his "rights to a quick and speedy trial."  Id. at 2, 5, 6.  The Petitioner seeks the following relief from the Court: "To take me into Federal Custody and proceed with any and all DHS Immigration cases."  Id. at 8.

STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Although the petitions of pro se litigants are held to less stringent standards than those pleadings drafted by lawyers, see Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010), the habeas petition must "specify all the grounds for relief available to the petitioner, "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254, Rule 2(c) (applicable to § 2241 petitions pursuant to Rule 1(b)).

---

[1] The New Jersey Department of Corrections Offender Search webpage provides that Petitioner is currently in the custody of New Jersey with a current maximum release date of August 30, 2019.

2

Habeas Rule 4 requires a judge to sua sponte dismiss a habeas petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254, Rule 4 (applicable to § 2241 petitions through Rule 1(b)). See also 28 U.S.C. § 2243 ("A court . . . shall forthwith . . . issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."). "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Lonchar v. Thomas, 517 U.S. 314, 320 (1996). See McFarland, 512 U.S. at 856 ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

DISCUSSION

The Petition must be summarily dismissed without prejudice because Petitioner has failed to allege the "in custody" jurisdictional requirement of § 2241 habeas petitions. In order to obtain habeas jurisdiction, the Petitioner must allege that he is "in custody" pursuant to 28 U.S.C. § 2241(c)(3):

> The writ of habeas corpus shall not extend to a prisoner unless--
>
> . . .
>
> He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).  The district court only has subject-matter jurisdiction under § 2241(c)(3) if both the "in custody" and "in violation of the Constitution or laws or treaties of the United States" requirements are met.  <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989).  "Custody is measured as of the time that the petition was filed."  <u>Henry v. Chertoff</u>, 317 F. App'x 178, 179 (3d Cir. 2009).

Here, Petitioner alleges that he is presently incarcerated pursuant to a sentence of imprisonment imposed by the courts of New Jersey.  <u>See</u> ECF No. 1, Pet. at 1.  The Petitioner also alleges that he is challenging his immigration hold/detainer--not a removal proceeding or a final order of removal.  <u>See</u> <u>id.</u>  These allegations fail to satisfy the "in custody" requirement necessary to confer subject-matter jurisdiction in an action challenging an immigration hold or detainer.  <u>See</u> <u>Henry</u>, 317 F. App'x at 179.  A petitioner incarcerated pursuant to a sentence of imprisonment fails "to demonstrate that he was being held pursuant to the detainer, that he was subject to a final order of removal, or even that the removal proceedings had been initiated."  <u>Id.</u>  Under such circumstances, a petitioner is not

4

"in custody." Id. (citing Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 541 (5th Cir. 2003) ("agree[ing] with the majority of the circuit courts considering this issue and hold[ing] that prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them.")). Courts in this district have held similarly. See, e.g., Abelenda v. Hollingsworth, No. 13-cv-5355, 2013 WL 5505639, at *2 (D.N.J. Oct. 1, 2013); Cena v. Hollingsworth, No. 13-cv-4489, 2013 WL 4039024, at *1 (D.N.J. Aug. 7, 2013); Quattara v. U.S. Citizenship & Immg. Svs., No. 12-cv-263, 2012 WL 395726, at *3 (D.N.J. Feb. 2, 2012). Because the Petitioner has not satisfied the "in custody" requirement of § 2241, the Petition must be dismissed without prejudice.

Although the Court does not have jurisdiction over the Petition, the Court notes that challenges to removal "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Whenever Petitioner's immigration proceedings have concluded, the Petitioner will be free to challenge any final order of removal before the appropriate circuit court.

CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.[2]  An appropriate Order follows.


Dated: February 9, 2018                s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

---

[2] As the Third Circuit noted in Henry, a dismissal without prejudice of a § 2241 petition will not prevent the Petitioner from appropriately challenging his detention if the circumstances warrant it in the future. Henry, 317 F. App'x at 179-80.